IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

RUFUS WEST, a/k/a MANSA LUTALO IYAPO,

OPINION and ORDER

              Plaintiff,

     v.

11-cv-687-slc

GREGORY GRAMS, *et al*,

              Defendants.

_____

In this case, plaintiff Mansa Lutalo Iyapo,[1] a Muslim inmate, brought claims that prison officials were: (1) violating his rights under the First Amendment's Free Exercise Clause and the Religious Land Use and Institutionalized Persons Act (RLUIPA) by prohibiting Jumu'ah, Talim and Eid al-Fitr services to be held at the Columbia Correctional Institution without a volunteer leader from outside the prison; and (2) violating his rights under the First Amendment by retaliating against him for debating when it was proper to serve meals to Muslim inmates during Ramadan.

In a November 8, 2013 order, I granted defendants' motion for summary judgment on all of plaintiff's claims,[2] concluding that plaintiff failed to show that defendants had violated his rights and adding that in any event, defendants were entitled to summary judgment on each claim based on the doctrine of qualified immunity.  Dkt. 102.

Plaintiff responded by filing a document I construed as a  a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which I largely denied in a June 16, 2014 order, but granted as to the argument that qualified immunity was not a proper basis for

---

[1]  Plaintiff asks to be referred to by his "spiritual name."

[2]  In addition, I denied plaintiff's cross-motion for summary judgment.

granting summary judgment on plaintiff's RLUIPA claims, which were for injunctive relief only. Dkt. 109.  I vacated that portion of the judgment, but ultimately dismissed plaintiff's RLUIPA claims as moot because he had been transferred to a new prison.  *Id*.

Now before the court is a motion by plaintiff to alter or amend the amended judgment regarding his RLUIPA claims, dkt. 111, along with a supplement to that motion, dkt. 112.  In those filings, plaintiff presents two arguments: (1) because he sought injunctive relief for all Muslim inmates at CCI, his claims were not mooted by his transfer; and (2) plaintiff's transfer out of CCI was retaliatory.

With regard to his argument that he brought claims on behalf of all Muslim inmates at CCI, a pro se party cannot bring claims on behalf of other parties.  *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001).  In his reply brief, plaintiff argues that he intended for this case to be brought as a class action, but he never explicitly sought class action status nor inquired about it after the court characterized his claims as individual claims and litigated those claims accordingly.  It is far too late to convert the case into a class action.

As for plaintiff's argument that his transfer was retaliatory, such allegations at most state a claim that belongs in a separate lawsuit. As I stated in the June 16 order, the relevant question for determining whether his claims are moot is whether "'he can demonstrate that he is *likely* to be retransferred.'" Dkt. 109 at 7 (quoting *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996)). Because nothing in plaintiff's submissions makes this showing, I will deny his motion for reconsideration.

ORDER

It is ORDERED that plaintiff Mansa Lutalo Iyapo's motion to alter or amend the June 16, 2014 judgment, dkt. 111, is DENIED.


Entered this 3rd day of November, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge