IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

RUFUS WEST, a/k/a MANSA LUTALO IYAPO,

                       Plaintiff,

     v.

GREGORY GRAMS, *et al*,

                   Defendants.

ORDER

11-cv-687-slc
_____

Pro se prisoner Mansa Lutalo Iyapo (who was incarcerated under the name Rufus West but asks to be referred to by his "spiritual name") is proceeding on a claim that defendants are violating his rights under the Religious Land Use and Institutionalized Persons Act by cancelling Islamic services when Muslim staff or outside volunteers were unavailable to lead the services, rather than allowing the services to proceed with inmate leaders.  In an order entered April 27, 2015, dkt. 127, I concluded that it was appropriate to recruit counsel to assist plaintiff with litigating his claim.

The court has now located counsel to assist plaintiff. Attorneys Andrew Clarkowski, Michael Modl and Brian Whitehead of the law firm Axley Brynelson, LLP have agreed to represent plaintiff, with the understanding that they will serve with no guarantee of compensation for their services.  It is this court's intention that the scope of representation extends to proceedings in this court only.  "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a notice of appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Because plaintiff now is represented by attorneys in this case, he may not communicate directly with the court from this point forward.  Plaintiff must work directly with his attorneys

and permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.  Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes.  He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them.  If plaintiff decides at some point not to work with counsel, he is free to end the representation, but plaintiff should be aware that it is unlikely that the court will try to recruit another set of lawyers to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the Clerk of Court, Peter Oppeneer, for assistance.

## ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference to set the schedule for the remainder of the proceedings in this lawsuit.

Entered this 26th day of October, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge